## WHITESCARVER et al. v. MISSISSIPPI POWER & LIGHT CO.

District Court, S. D. Mississippi.

Sept. 21, 1932.

Barbour & Henry, of Yazoo City, Miss., for plaintiffs.

Green, Green & Jackson, of Jackson, Miss., for defendant.

HOLMES, District Judge.

The plaintiffs' intestate was killed by electricity while attempting to erect a Loreco sign post, or pole, in front of a gasoline filling station which adjoined a public highway about one-half mile from Leland, Miss., which was an unincorporated rural section. The defendant's transmission wire, carrying 13,000 volts of electricity, ran along the side of the highway, and was directly over

the ground where the sign was being put; the high voltage wire being at a height above the spot of about 19 feet and 4, 5, or 6 inches. The sign, which was intended to advertise Loreco gas, was to hang from a cross-arm on the pole. The cross-arm was 4 feet, 4 inches in length, and the pole, which was of metal, exactly 22 feet, 2 inches. A hole was dug in the ground, and, as the pole was being raised so as to slide one end of it into the hole, the other end came in contact with or near the deadly wire overhead. Whitescarver and a negro named Manuel were killed, and about five other men, who were assisting in the work, were burned or slightly injured. Whether the pole actually touched the wire, or came so near that the electricity jumped from the wire to it, does not appear from the testimony; the witnesses were intent upon the erection of the sign and were not looking at the wire.

The court instructed the jury that the deceased was guilty of contributory negligence, and, if they found for the plaintiffs, to reduce the damages in the proportion that his negligence contributed to the injury, and further to subtract from the result the sum of $3,250, which amount had been paid the plaintiffs by the intestate's employer in partial compromise settlement of the claim against one of the alleged joint and several tort-feasors.

There were only two exceptions by the defendant to the court's charge, one because the jury were told that persons using the dangerous agency of electricity were held to the highest degree of care, and the other because a peremptory instruction to find for the defendant was refused.

The rule is universal, so far as has been brought to my attention, that the highest degree of care of which the circumstances will reasonably permit is required of persons using or transmitting a deadly current of electricity. What constitutes such care is generally a question for the jury, who are to take into consideration all of the facts and circumstances, and determine what an ordinarily prudent person, with due regard for his own safety or that of others, would do in the circumstances. In this connection the court charged the jury that the defendant was not an insurer nor liable for dangers not to be reasonably anticipated, but was only required to use ordinary care in the maintenance of its wires, which in this case meant the highest degree of care because of dealing with the most highly dangerous agency of electricity. The court further charged the jury that there was no statute requiring high powered wires to be at any certain height, but that they should be at such a height as a reasonably prudent person engaged in the business would deem necessary and proper in order to avoid probable injury to some one.

The second exception deserves, and has received, more extended consideration. The request for a peremptory instruction to find a particular verdict searches the record for substantial evidence to support a verdict to the contrary. In this state, contributory negligence is not a defense in an action of tort for personal injuries. If there is substantial evidence to show negligence on behalf of the defendant which directly and proximately contributed to the death, the motion for a new trial should be overruled, as the damages are not excessive.

It cannot be doubted that the maintenance of the highly charged electric wire at the height where electricity passed from it to the pole was a direct and material contributing cause of the injury.

While the deceased was guilty of contributory negligence, the evidence is disputed that he had such knowledge of the high voltage wire and such appreciation of its danger as to justify an inference of intentional self-exposure to the risk, and, therefore, the doctrine of volenti non fit injuria does not apply so clearly as to warrant taking the issue from the jury.

The only remaining question in the case is whether the defendant negligently maintained its dangerous wires at an improperly low height from the ground. The testimony on behalf of the plaintiffs was to the effect that the lowest clearance under standard construction was 22 feet, while that of the defendant was that in rural communities 18 feet was permissible and in general practice. What was proper construction under best engineering standards was a question for the jury. That question has been resolved by the jury in favor of the plaintiffs, and, there being substantial evidence to support the verdict, their finding should not be disturbed.

Since the plaintiffs' proof shows that a minimum clearance of 22 feet is permissible under standard construction by electric companies, and further shows that the metal sign pole being erected by the deceased was at least 22 feet in length, the defendant contends (necessarily conceding arguendo that its wire at 19½ feet was too low) that it was not the height of the wire but the length of the pole that caused the injury, and that

if the wire had been at a concededly proper height the injury would have followed just the same by the use of a pole long enough to reach it. The argument is predicated upon a hypothesis which eliminates the negligence of the defendant as an existing fact which contributed to the result. If the premise be conceded, the conclusion follows. If the wire had been at a proper height, it is possible the result would have been the same, and in that event negligence of the defendant would not have been one of the contributing causes. The negligence of the deceased would have been the sole cause of the accident. When the negligently handled pole came near or touched the negligently maintained wire, an injury resulted from the concurrent negligence of the deceased and defendant, the act of the former being known as contributory negligence, but the act of the latter being nevertheless an efficient cause. But it by no means is to be inferred that the accident would have happened if the wire had been 22 feet high. The pole was necessarily slanting until it became absolutely perpendicular, and before that time it very likely protruded some inches downward into the hole. The most favorable view for the defendant is that whether the injury would have happened or not was a question for the jury. In other words, the question of the proximate cause of the injury was, in this case, under the conflicting facts and diverse inferences to be drawn from facts, a question for the jury.

The motion for a new trial is overruled. An order may be entered accordingly.